# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Clara Paneto and George Cintron,<br><br>                  Plaintiffs,<br>v.<br><br>Admin Recovery LLC;<br>and DOES 1-10, inclusive,<br><br>                  Defendants. | Civil Action No.: _____ |

## COMPLAINT

Plaintiffs, Clara Paneto and George Cintron, say by way of Complaint against Defendant, Admin Recovery LLC, as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiffs, Clara Paneto and George Cintron ("Plaintiffs"), are adult individuals residing in Pennsauken, New Jersey, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Admin Recovery LLC ("Admin"), is New York business entity with an address of 5930 Main Street, Williamsville, New York 14221, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Admin and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Admin at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiffs allegedly incurred a financial obligation in the approximate amount of $10,000.00 (the "Debt") to TD Bank (the "Creditor") for the purchase of pool.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Admin for collection, or Admin was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Admin Engages in Harassment and Abusive Tactics

12. Within the last year, Admin contacted Plaintiffs in an attempt to collect the Debt.

13. During initial conversation, Plaintiffs Clara Paneto informed Admin that the Debt was incurred solely by her father for a purchase of pool and that she was in no way responsible for the repayment of the Debt. Ms. Paneto further instructed Admin to cease all communications with her.

14. Despite being so instructed, Admin continued calling Plaintiffs Clara Paneto in an attempt to collect the Debt, placing three to four calls to Plaintiffs' cellular phone on a daily basis.

15. Admin called Ms. Paneto's brother, George Cintron at excessive and harassing rate, placing up to three calls to Plaintiffs' residential telephone on a daily basis.

16. Admin threatened to place a lien on Mr. Cintron's house if the Debt was not paid immediately.

17. Admin threatened to come on Plaintiffs' property to deconstruct the pool.

18. Admit used loud and aggressive tone with Plaintiffs in an effort to intimidate Plaintiffs into making an immediate payment.

19. When Ms. Paneto asked Admin to stop harassing her and her brother since neither of them was responsible for the Debt, Admin responded that they did not care and that they would get their money back one way or another.

### C. Plaintiffs Suffered Actual Damages

20. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

23. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(1) in that Defendants threatened to harm the Plaintiffs' property through criminal means.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiffs with seizure of his property if the Debt was not paid.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692f(6) in that Defendants threatened to unlawfully repossess or disable the Plaintiffs' property.

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36. New Jersey further recognizes Plaintiffs' right to be free from invasions of privacy. Thus, the Defendant violated New Jersey state law.

37. The Defendants' telephone calls to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiffs]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

5

38. The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

39. As a result of the intrusions and invasions enumerated above, the Plaintiffs are entitled to actual damages from the Defendants in an amount to be determined at trial.

40. All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiffs are entitled to punitive damages from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiffs have suffered (and continue to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 12, 2012

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg & Associates LLC
1100 Summer Street
Stamford, CT 06905
Phone: (917) 981-0849
Fax:    (888) 953-6237